UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| RICHARD WILFORD, | ) | |
| Petitioner, | ) | |
| v. | ) | Cause No. 4:26-cv-13002 |
| WARDEN RARDIN, | ) | |
| Respondent. | ) | |

**DECLARATION OF M. CONDIT**

I, M. Condit, do hereby declare and state as follows:

1. I am currently employed by the Federal Bureau of Prisons (BOP) of the United States Department of Justice, as a Discipline Hearing Officer (DHO). I began employment with the BOP in January 2011 and have been a DHO since December 2023.

2. As part of my duties and responsibilities, I have access to records maintained by the BOP in the ordinary course of business. I certify the attachments referenced herein are true and correct copies of records kept in the ordinary course of business of the BOP. This declaration is based upon my personal knowledge derived from my review of the disciplinary records for the Petitioner.

3. I am duly trained and certified as a DHO by the BOP in accordance with Program Statement 5270.09, Inmate Discipline Program (P.S. 5270.09) dated June 20, 2011.[1] I have received specialized DHO training and passed the Inmate Discipline Certification Test as required by Paragraph 3, Chapter 5, P.S. 5270.09, and am certified as a DHO.

[1] Full copies of program statements are available at *www.bop.gov*.

4. As a DHO, I am responsible for conducting hearings on acts of misconduct by inmates who are referred to me by their Unit Discipline Committee (UDC). During the administrative hearings, I review disciplinary reports, take and record testimony relevant to the charges, determine any witnesses who may need to be called in addition to those requested by the inmate, obtain, review and weigh evidence, and determine whether or not the allegations of misconduct are supported by the evidence.[2] I then make findings and, where applicable, impose appropriate sanctions. Finally, I prepare a written report memorializing my decision, the evidence I relied upon in reaching it, the sanctions I imposed, and my reasons for imposing them.

5. Petitioner Richard Wilford, Register No. 28670-037, is currently serving a 280-month sentence imposed by the United States District Court for Maryland, to be followed by a 10-year term of Supervised Release. Petitioner has a projected release date of September 14, 2031, via Good Conduct Time Release, and has a Full-Term release date of January 15, 2035.[3]

6. Petitioner has filed the instant petition for writ of habeas corpus wherein he alleges he should not have lost Good Conduct Time for Incident Report 4229600 because he is innocent of the charges, that video evidence wasn't retained and the UDC hearing was untimely. The resulting DHO sanction imposed included a 41-day disallowance of Good Conduct Time.

7. P.S. 5270.09, *Inmate Discipline Program,* requires the following procedural safeguards in connection with disciplinary hearings: the inmate is entitled to (1) written notice of the charge(s) against him no less than 24 hours before the inmate's appearance before the DHO unless the inmate is to be released from custody within that time; (2) the Warden shall provide the inmate with the service of a staff member to represent the inmate at the hearing before the DHO

[2] 28 C.F.R. § 541.16, Establishment and Functioning of Discipline Hearing Officer.
[3] See Attachment 1, Public Information Inmate Data.

should the inmate so desire; (3) the inmate is entitled to call witnesses who have information directly relevant to the charges and who are reasonably available; (4) the inmate is entitled to make a statement and to present documentary evidence on his own behalf; (5) an inmate has the right to be present throughout the DHO hearing except during a period of deliberation or when institutional security would be jeopardized; the DHO may refer the case back to the UDC for further information or disposition; the DHO shall consider all evidence presented at the hearing; and, the decision of the DHO shall be based on at least some facts, and if there is conflicting evidence, the decision must be based on the greater weight of the evidence.[4]

8. On January 7, 2026, at approximately 11 am, Incident Report #4229600 was prepared charging Petitioner with a Code 101A, Assaulting with Serious Injury (Attempting), Code 307, Refusing to Obey an Order, and also with a Code 199, Disruptive Conduct that is Most Like a 115, Destroy/Dispose Item. According to the incident report, Petitioner was driving a government vehicle behind the institution on December 17, 2025 when staff attempted to stop and search him. Petitioner instead made an obscene hand gesture and fled the area, nearly striking the officer with the vehicle.[5]

9. Petitioner alleges he was not provided a Unit Discipline Committee (UDC) hearing withing five working days of the Incident Report. Per PS 5270.09, "The UDC will ordinarily review the incident report within five work days after it is issued…" However, with documented Warden's approval, the five-day timeframe can be extended.[6] An extension approval was approved by the Warden for this Incident Report.[7]

---

[4] 28 C.F.R. §541.8, Discipline Hearing Officer (DHO) Hearing.
[5] See Attachment 2, Inmate Discipline Data, and Attachment 3, Incident Report #4229600 Re-Write.
[6] P.S. 5270.09, ch.4, (c).
[7] See Attachment 3.

10. On February 5, 2026, I conducted a Discipline Hearing for Incident Report #4229600. At that hearing, I found that Petitioner had committed the Code 101A, 115 and 307 prohibited acts, and appropriate disciplinary sanctions were imposed. Petitioner was afforded appropriate due process at the DHO hearing. He was given advance written notice of the charge against him more than 24 hours prior to his appearance before the DHO. He was afforded the opportunity for staff representation and to call witnesses.[8]

11. BOP policy specifically states inmates may present evidence but does not confer on the inmate a right to a review of all evidence. Nonetheless, when requested, I present most evidence to the inmate during a discipline hearing, which I did during the Petitioner's hearing. By the time I received the incident report for DHO processing the SIS Tech informed me that he had viewed the camera footage following the incident, but did not retain the videos since it did not appear to show anything useful.[9] BOP Policy directs the DHO to consider all evidence presented at the hearing and to make the decision based on some facts, and if there is conflicting evidence, to base the decision on the greater weight of the evidence.[10]

12. I found Petitioner guilty based on the greater weight of the evidence. Evidence weighed against him consisted of the reporting officer's written statement and three supporting staff memorandums.[11] While the Plaintiff complains that video was not retained for the DHO hearing, I questioned the SIS staff who had initially viewed the relevant video footage. This evidence, coupled with no credible or verifiable exculpatory evidence, reasonably led me to make a guilty finding. My report clearly indicated the basis for the finding that Petitioner committed the

[8] See Attachment 4, DHO Report #4229600.
[9] See Attachment 5, C. Rodgers declaration.
[10] See 28 C.F.R. § 541.16, Establishment and Functioning of Discipline Hearing Officer and P.S. 5270.09, Inmate Discipline Program.
[11] See Attachment 4.

prohibited act and explains the purpose of imposing the sanctions within policy. Petitioner's due process rights were upheld during the discipline process. Sanctions imposed were commensurate to the severity level of the offense committed and in compliance with policy.[12]

I declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge.

Executed this 8 day of October, 2026.

M. Condit, Discipline Hearing Officer
Federal Bureau of Prisons

[12] See Attachment 4.